UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORI A. RUTHERFORD and
ERIK J. RUTHERFORD,

    Plaintiffs,

and

GREEN BAY AREA PUBLIC SCHOOLS
GROUP BENEFIT PLAN,

    Involuntary Plaintiff,

    v.    Case No. 21-C-311

WAL-MART STORES INC. and
WAL-MART STORES EAST LP,

    Defendants.

## DECISION AND ORDER

    Plaintiffs Lori Rutherford and Erik Rutherford brought this action against Defendants Wal-Mart Stores Inc. and Wal-Mart Stores East LP for injuries Ms. Rutherford sustained after she slipped and fell at a Walmart store. Walmart filed a motion for summary judgment on May 20, 2022. This matter comes before the Court on Plaintiffs' motion to supplement the summary judgment record with a newly produced Walmart training video. Defendants do not oppose Plaintiffs' motion. Accordingly, Plaintiffs' motion to supplement the record will be granted.

    The parties also filed motions to restrict certain filings. Plaintiffs filed a motion to restrict their motion to supplement, the affidavit of Edward Vopal, the Walmart training video, Defendants' supplemental responses to Plaintiffs' requests for production of documents, and a screen shot of the Walmart training video. Defendants filed a motion to restrict their opposition

to Plaintiffs' motion, the affidavit of Carlos Pastrana, a screenshot of a produced document, Defendants' responses to Plaintiffs' fourth request for production of documents, and correspondence from Plaintiffs' counsel to Defendants' counsel regarding Defendants' responses to Plaintiffs' fourth request for production of documents.

A motion to restrict "should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure." Comment to General L.R. 79 (E.D. Wis.). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public.

I am satisfied that good cause exists to restrict public access to the training video. The motion to restrict the motion to supplement, the brief in opposition to the motion, the affidavits, and exhibits will be denied without prejudice, however. The party who has designated the material as confidential has the burden of proof on the question of whether it should be restricted now that it has been filed with the Court. The parties have not established the good cause necessary to maintain these filings as restricted. Entire pleadings and briefs should not be sealed absent unusual circumstances. *See Union Oil Co. of Cal. v. Leawell*, 220 F.3d 562, 567 (7th Cir. 2000) ("[T]he parties' confidentiality agreement cannot require a court to hide a whole case from view."). To the extent the motion, brief, declarations, and exhibits contain confidential information, that information may be redacted with a separate request to restrict the portions containing confidential information with an explanation as to why the redacted information warrants the restriction.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to supplement the summary judgment record with a newly produced Walmart training video (Dkt. No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to restrict (Dkt. No. 59) is **GRANTED** as to the training video, and the video will remain restricted. The motion to restrict is **DENIED without prejudice** in all other respects. Defendants' motion to restrict (Dkt. No. 62) is **DENIED without prejudice**. The Clerk is directed to remove the restriction from Docket Numbers 60, 61, 62, 63, and 64. The party who has designated the material as confidential may renew its motion and provide the Court with good cause to maintain the material as restricted.

Dated at Green Bay, Wisconsin this 31st day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge