UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORI A. RUTHERFORD and
ERIK J. RUTHERFORD,

        Plaintiffs,

and

GREEN BAY AREA PUBLIC
SCHOOLS GROUP BENEFIT PLAN,

        Involuntary Plaintiff,

        v.        Case No. 21-C-311

WAL-MART STORES INC. and
WAL-MART STORES EAST LP,

        Defendants.

**DECISION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs Lori and Erik Rutherford filed this action against Defendants Wal-Mart Stores Inc. and Wal-Mart Stores East LP (collectively Walmart), alleging negligence and a violation of Wisconsin's safe place statute, Wis. Stat. § 101.11(1), for damages arising out of the injuries Ms. Rutherford sustained on May 17, 2020, when she slipped and fell at the entrance to a Walmart store in Green Bay, Wisconsin. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Presently before the court is Walmart's motion for summary judgment. For the following reasons, Walmart's motion will be denied.

### BACKGROUND

    Walmart owns, controls, and operates a retail store at 2292 Main Street, Green Bay, Wisconsin. Compl. ¶ 4, Dkt. No. 1-1. It is at this location that the May 17, 2020 incident at issue

in this case occurred. At approximately 2:55 p.m., Lori Rutherford entered the Walmart store. Defs.' Proposed Findings of Fact (DPFOF) ¶ 1, Dkt. No. 33. It was raining at the time Ms. Rutherford walked into the vestibule of the store. *Id.* ¶ 4. While passing through the entrance door, Ms. Rutherford slipped and fell to the floor. *Id.* ¶ 15. Ms. Rutherford contends that her fall and resulting injury caused her to incur medical and hospital expenses, lost wages, and other damages. Compl. ¶ 9. Mr. Rutherford asserts a loss of consortium claim.

Walmart contends that, at the time of Ms. Rutherford's fall, it was adhering to its inclement weather policy. DPFOF ¶ 5; Dkt. No. 33-1. In particular, there were long black mats placed on the vestibule floor, a Walmart employee was responsible for mopping the floor, and an air blower and yellow caution cone had been placed in the vestibule. DPFOF ¶¶ 6, 8, 10, 13. In addition, there was at least one Walmart employee stationed in the vestibule of the store, whose duties included counting the number of customers that entered the store, tidying away carts, and making sure the floor was kept dry. *Id.* ¶¶ 3–4. Plaintiffs dispute that the floor mats and the air blower were properly placed or that Walmart employees consistently or adequately mopped the area. Pls.' Resp. to DPFOF ¶¶ 6–13, Dkt. No. 48.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010)

(citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

A plaintiff alleging negligence in Wisconsin must prove four basic elements: "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 260, 580 N.W.2d 233 (1998) (internal quotation marks and citation omitted). In Wisconsin, "[e]very person has a duty to use ordinary care in all of his or her activities." *Alvarado v. Sersch*, 2003 WI 55, ¶ 14, 262 Wis. 2d 74, 662 N.W.2d 350 (citation omitted). The duty to use ordinary care is established "whenever it was foreseeable that a person's act or failure to act might cause harm to some other person." *Id.* (citation omitted). A person breaches the duty of ordinary care if the person, "without intending to do harm, does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property." *Id.* (internal quotation marks and citation omitted). Summary judgment on a negligence claim is uncommon "because the court must be able to say that no properly instructed, reasonable jury could find, based on the facts presented, that [the defendant] failed to exercise ordinary care." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 2, 241 Wis. 2d 804, 623 N.W.2d 751 (internal quotation marks and citation omitted).

The safe place statute differs from common law negligence in that it addresses unsafe conditions in public buildings and creates a higher standard of care for premises owners. The safe place statute provides:

3

> Every employer shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

Wis. Stat. § 101.11(1). The statute "does not require an employer or an owner of a public building to be insurers of frequenters of the premises." *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, ¶ 9, 274 Wis. 2d 162, 682 N.W.2d 857 (citation omitted). "The 'mere happening of an accident does not automatically establish that a place is not safe within the meaning of the safe place statute or that someone was negligent under the common law.' We do not subscribe to 'post hoc, propter hoc.'" *Moulas v. PBC Prods., Inc.*, 213 Wis. 2d 406, 417, 570 N.W.2d 739 (Ct. App. 1997) (quoting *McGuire v. Stein's Gift & Garden Ctr., Inc.*, 178 Wis. 2d 379, 397–98, 504 N.W.2d 385 (Ct. App. 1993)). Instead, "the duty set forth by the statute requires an employer or owner to make the place 'as safe as the nature of the premises reasonably permits.'" *Megal*, 274 Wis. 2d 162, ¶ 10 (citation omitted). To be liable, an owner must have actual or constructive notice that an unsafe condition exists. *Id.* ¶ 11. An owner has constructive notice of "a defect or unsafe condition when the defect or condition has existed a long enough time for a reasonably vigilant owner to discover and repair it." *Id.* ¶ 12 (citation omitted).

Walmart does not dispute that it owed Ms. Rutherford a duty of care or that Ms. Rutherford was injured to some degree during a fall at Walmart. Instead, Walmart asserts that Ms. Rutherford's claims must be dismissed because she cannot establish that Walmart breached an ordinary duty of care or that it violated or failed to maintain a safe place under Wisconsin law. It contends that several precautions were taken to ensure that customers were able to safely enter the store and that several employees were actively monitoring the condition of the floors.

Construing all facts in Plaintiffs' favor, as the court must do at this stage, Plaintiffs have established the existence of a material dispute of fact as to whether Walmart breached its duty of care in this case. Although Walmart implemented its inclement weather guidelines in response to the rain, there is a dispute as to whether Walmart created an unreasonable risk of injury in the manner in which it did so and otherwise failed to "make the place as safe as the nature of the premises reasonably permits." *Id.* ¶ 10 (internal quotation marks and citation omitted). For instance, the parties dispute whether the mats on the floor were correctly placed, whether the blower fan was in place and operating, whether the employee on duty in the vestibule was drying the floor with the mop or spreading the water around, whether the store patrons were adequately warned about the floor being wet, among other things. These are precisely the types of questions that a jury is best suited to decide. Accordingly, the court denies Walmart's motion for summary judgment.

## CONCLUSION

For these reasons, Walmart's motion for summary judgment (Dkt. No. 35) is **DENIED**. The Clerk is directed to set the matter on the court's calendar to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of December, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge